## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Nirmaljit K. Rathee, M.A., Ph.D. | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 1:24-cv-00777 TMH |
| v. | ) | |
| | ) | |
| Delaware State University, | ) | |
| | ) | |
| Defendant. | ) | |

## **ANSWERING BRIEF IN OPPOSITON TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**

Ron Poliquin
The Poliquin Firm LLC
1475 S. Governors Avenue
Dover DE 19904
302 702 5501 tel

-and-

Robert T Vance Jr
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19109
267 887 0172 tel

*Attorneys for Plaintiff*

53189098.1

## Table of Contents

Page

Table of Authorities …………………………………………...…….….…... ii

Statement of The Nature and Stage of the Proceedings ………………...……… 1

Summary of Argument ……………………………………...……………...… 2

Counterstatement of Facts …………………………...…..……………...…… 2

Argument ………………………………………..…………………………... 2

    I.    The Motion to Dismiss Standard .......................................................... 2

    II.    Count I Sufficiently Alleges a Claim Under Title VII of
        Race and National Origin Discrimination …....…………….…... 3

        III.    Dr. Rathee was qualified to serve as Graduate Program
               Director …………………………………….……….….. 4

        B.    Dr. Rathee has alleged circumstances giving rise
            to an inference of intentional discrimination …………….…… 4

    III.    Count II Sufficiently Alleges a Claim Under the ADEA ……............... 4

    IV.    Count III Sufficiently Alleges a Claim Under the FMLA ………...… 6

Conclusion ………………………….………...……………………...…………. 6

# TABLE OF AUTHORITIES

## Cases

*Abels v. DISH Network Serv.,*
507 Fed. Appx. 179, 183 (3d Cir. 2012) ……………………………………....,..…….....……… 5

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ………………………...…..………….. 3

*Budhun v. Reading Hosp. & Med. Ctr.,* 765 F.3d 245, 258 (3d Cir. 2014) ………………,..…….….… 6

*Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005) …………….……………………. 6

*Erdman v. Nationwide Ins. Co.,* 582 F.2d 500, 509 (3d Cir. 2009) ……….…….....................………… 6

*Hassan v. City of New York,*
804 F.3d 277, 296 (3d Cir. 2015) …………….….……….………………………..……..…... 3

*In re Niaspan Antitrust Litig.,*
42 F. Supp. 3d 735, 753 (E.D. Pa. 2014) …………………………………………………......… 3

*Jones v. School Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) ………………………………..…... 4

*McDonnell Douglas Corp. v. Ford,* 411 U.S. 792 (1973) ………………………………….....….….… 3

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ………………………….....…… 2

*Santana v. Cook Cnty. Bd. of Review*,
270 F.R.D. 388, 390 (N.D.Ill. 2010) ……………………………………………….………… 3

*Smith v. City of Allentown*,
589 F.3d 684, 691 (3d Cir. 2009) ……………………………………………………….….… 5

*Sommer v. The Vanguard Group*,
461 F.3d 397, 399 (3d Cir. 2006) ………………………………………………………………… 6

*Viola v. Philips Medical Systems of North America*,
42 F.3d 712, 716 (2d Cir. 1994) ……………………………………………….………………. 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Nirmaljit K. Rathee, M.A., Ph.D. | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 1:24-cv-00777 TMH |
| v. | ) | |
| | ) | |
| Delaware State University, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Statement of the Nature and Stage of the Proceedings</u>**

This is an employment discrimination case in which the plaintiff, Nirmaljit K. Rathee, M.A., Ph.D., alleges she was removed from her position as Graduate Student Director at defendant, and then terminated, because of her race, national origin, and age, in retaliation for her complaints about race, national origin, and age discrimination, and in violation of the Family and Medical Leave Act (the "FMLA").

On July 2, 2024, Dr. Rathee initiated this case against defendant by the filing of a Complaint asserting claims of discrimination, harassment, and retaliation based on race, national origin and age in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act (the "ADEA"). On October 22, 2024, Dr. Rathee filed the Amended Complaint in response to a Letter of Intent to Discipline dated September 25, 2024, issued by defendant's Provost and Chief Academic Officer based upon Dr. Rathee's refusal to accept the discriminatory and retaliatory teaching conditions defendant sought to impose on her contained in a letter August 27, 2024. On November 15, 2024, subsequent to her termination on October 29, 2024, Dr. Rathee filed the Second Amended Complaint alleging causes of action under Title VII, the ADEA, and the FMLA. Defendant has moved to dismiss the Second Amended Complaint in its entirety. None of the amendments to the initial Complaint were made to address

any alleged pleading deficiencies.  Rather, both amended complaints were filed to include relevant actions that occurred subsequent to the filing of the prior complaint.

## Summary of Argument

1.    The allegations of the Second Amended Complaint support the Title VII claim in Count I and establish an inference of intentional discrimination based on race and national origin.

2.    The allegations of the Second Amended Complaint support the ADEA claim in Count II and establish an inference of intentional discrimination based on age.

3.    The allegations of the Second Amended Complaint support the FMLA claim in Count III and establish that defendant's failure to grant Dr. Rathee additional FMLA leave or to work remotely interfered with her rights under the FMLA.

## Counterstatement of Facts

For purposes of answering Defendant's Motion to Dismiss, Dr. Rathee adopts defendant's recitation of the relevant facts to the extent those facts are alleged in the Second Amended Complaint.

## Argument

**I.    The Motion to Dismiss Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  "[S]tating … a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements of a claim. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of" the necessary elements. *Id*.   "[T]he *Twombly-Iqbal* duo have *not* inaugurated an era of evidentiary pleading."   *Santana v. Cook Cnty. Bd. of Review*, 270 F.R.D. 388, 390 (N.D.Ill. 2010) (emphasis in original).   Nor do "factual allegations ... become impermissible labels and conclusions simply because the additional factual allegations explaining and supporting the articulated factual allegations are not also included."  *In re Niaspan Antitrust Litig*., 42 F.Supp.3d 735, 753 (E.D. Pa. 2014) (internal quotation marks omitted). Although Plaintiffs might ultimately falter in meeting their burden of proof, the collection of evidence is the object of discovery.  *Hassan v. City of New York*, 804 F.3d 277, 296 (3d Cir. 2015).

**II.      Count I Sufficiently Alleges a Claim Under Title VII of Race and National Origin Discrimination**

In cases such as this where there is no direct evidence of discrimination, the burden of proof is governed by the framework announced in *McDonnell Douglas Corp. v. Ford*, 411 U.S. 792 (1973).  The plaintiff first must establish the elements of a *prima facie* case of discrimination. The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged action.  To prevail, the plaintiff must then prove that the employer's articulated reason for the challenged action was a pretext for discrimination.. At this stage of the case, the relevant inquiry is whether the facts alleged in the Second Amended Complaint establish a prima facie case of race and/or national origin discrimination.

Where a plaintiff alleges that she was the victim of disparate treatment with respect to termination, to establish a *prima facie* case she must show 1) that she is a member of a protected class; 2) that she was qualified to perform the duties of her position; 3) that she was terminated; and 4) that employees who committed similar offenses were not terminated, or that the circumstances surrounding her termination give rise to an inference of discrimination. *See*, *e.g.*, *Jones v. School Dist. of Phila*., 198 F.3d 403, 410 (3d Cir. 1999); *Viola v. Philips Medical Systems*

*of North America*, 42 F.3d 712, 716 (2d Cir. 1994).

Defendant contends the allegations of the Second Amended Complaint (the "SAC") do not establish that Dr. Rathee was qualified to serve as defendant's Graduate Program Director and that her demotion was motivated by her race or national origin. The Court should reject both of these contentions.

**A.    Dr. Rathee was qualified to serves as Graduate Program Director.**

Disregarding the applicable law joval, <u>see</u> SAC ¶¶ 15-25, must be taken as false. As the Court is well aware, the applicable law is to the contrary. Dr. Rathee's factual allegations refuting the Removal Letter must be taken as true. Those allegations sufficiently establish that Dr. Rathee was qualified to serve as Graduate Program Director.

**B.    Dr. Rathee has alleged circumstances giving rise to an inference of intentional discrimination.**

Contrary to defendant's assertions, the allegations of the SAC in paragraphs 15-25, taken together, provide more than enough basis for the Court to conclude Dr. Rathee sufficiently alleged circumstances giving rise to an inference of discrimination with respect to her removal as Graduate Program Director. Likewise, the allegations of the SAC in paragraphs 26-53, taken together, provide ample basis for the Court to conclude Dr. Rathee sufficiently alleged circumstances giving rise to an inference of discrimination with respect to her termination.

Moreover, defendant's contention that the employees referred to by Dr. Rathee relating to her removal as Graduate Program Director are not her comparators must be rejected. Whether those employees are comparators is a question of fact which cannot be determined at the pleadings stage.

**III.    Count II Sufficiently Alleges a Claim Under the ADEA**

A discrimination claim under the ADEA also is analyzed under the burden-shifting

53189098.1                                                    4

framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of age discrimination, a plaintiff must show (1) she is forty (40) years of age or older, (2) defendant took an adverse employment action against her, (3) she was qualified for the position at issue; and (4) she was replaced by an employee who was sufficiently younger to support an inference of discriminatory animus. *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009). Once the employer articulates a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff can prove pretext by submitting evidence that allows a fact-finder to either disbelieve the employer's justification, or to conclude that discrimination was more likely than not a "but for" cause for the adverse employment action. <u>See</u> *Abels v. DISH Network Serv.*, LLC, 507 Fed. Appx. 179, 183 (3d Cir. 2012).

Defendant's contention that Dr. Rathee's ADEA claim must be dismissed because the facts pleaded do not establish that she was qualified to serve as Graduate Program Director or to continue in her position as a professor have been addressed above. Defendant is free to attempt to obtain during the discovery phase facts it believes will establish that Dr. Rathee was not competent to hold either position. The facts alleged in the SAC, however, establish her competency beyond doubt.

Defendant's contention that Dr. Rathee's ADEA claim must be dismissed because she did not plead the exact age of her replacement should be rejected. It is sufficient that Dr. Rathee has pleaded that she is over the age of 40 and that her replacement was younger than her. Discovery will reveal the exact age of her replacement, information which is in defendant's possession.

**IV.     Count IV Sufficiently Alleges a Claim Under the FMLA**

Employer actions taken against an employee related to their FMLA rights can constitute retaliation and/or interference. <u>See</u> *Erdman v. Nationwide Ins. Co.*, 582F.3d 500, 509 (3d Cir.

2009).  To establish a *prima facie* FMLA retaliation claim, a plaintiff must prove 1) she invoked her right to FMLA-qualifying leave, 2) she suffered an adverse employment action, and 3) the adverse employment action was causally related to her invocation of that right.  *Id*. at 508-09. With respect to the third element of the *prima facie* case, the temporal proximity between the invocation of the right and the adverse employment action is relevant to establishing a causal connection.  *See* Budhun v. Reading Hosp. & Med. Ctr*., 765 F.3d 245, 258 (3d Cir. 2014).

To establish a *prima facie* FMLA interference claim, a plaintiff must prove 1) she was entitled to take FMLA leave, and 2) her employer denied her right to do so.  *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005).  Under 29 C.F.R. § 825.220(c), "an employee does not need to prove that invoking FMLA rights was the sole or most important factor upon which the employer acted."  Moreover, the plaintiff need not prove her employer acted with discriminatory intent.  *Sommer v. The Vanguard Group*, 461 F.3d 397, 399 (3d Cir. 2006).

Defendant contends only that the allegations of the SAC do not establish a FMLA retaliation claim.  Defendant does not contest that Dr. Rathee has pleaded an interference claim. With respect to the FMLA retaliation claim, the issue of whether the allegations of the SAC establish causation cannot be decided on a motion to dismiss.  Whether the third element of causation can be proven is an issue of fact that can only be decided after discovery has been taken. Temporal proximity is relevant to causation, but it is not the sole determinant of that issue.  Dr. Rathee is entitled to the opportunity to adduce facts that would demonstrate the required causation.

### Conclusion

For the foregoing reasons, Plaintiff, Nirmaljit K. Rathee, M.A., Ph.D., respectfully requests that the Court deny Defendant's Motion to Dismiss.

Dated: January 8, 2025                          */s/ Ronald G. Poliquin*
                                                Ronald G. Poliquin (#4447)
                                                The Poliquin Firm LLC
                                                1475 S. Governors Avenue
                                                Dover DE 19904
                                                302 702 5501 tel

                                                        -and-

                                                Robert T Vance Jr
                                                Law Offices of Robert T Vance Jr
                                                123 South Broad Street, 15th Floor
                                                Philadelphia PA 19109
                                                267 887 0172 tel

                                                *Attorneys for Plaintiff*

53189098.1                          7